Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 1 of 11

# In the United States Court of Federal Claims

**No. 03-2459C**
**(Filed January 12, 2007)**

| | | |
|---|---|---|
| **JANE DOE, ET AL.,** | * | **Subject Matter Jurisdiction; RCFC 12(b)(1); Breach of Collective Bargaining Agreement; Overtime Compensation; Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq.; Federal Employee Pay Comparability Act, 5 U.S.C. §§ 5541-5549; Statutory Interpretation; In Pari Materia; Expressio Unius Est Exclusio Alterius; Failure To State A Claim Upon Which Relief Can Be Granted; RCFC 12(b)(6).** |
| **Plaintiffs,** | * | |
| **v.** | * | |
| **THE UNITED STATES,** | * | |
| **Defendant.** | * | |

Bruce Arthur Finzen, Robins, Kaplan, et al., Washington, D.C., for Plaintiffs.

Michael James Dierberg, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

WILLIAMS, Judge.

Plaintiffs, employees of the Social Security Administration (SSA), claim that the agency breached a collective bargaining agreement and willfully violated the Fair Labor Standards Act (FLSA) by failing to pay them, and others similarly situated, monetary overtime compensation.[1] For each hour of overtime worked, Plaintiffs received compensatory time off (comp time) or credit hours at a rate of one hour of comp time or one credit hour for each hour of overtime worked. Plaintiffs claim that they should have received overtime pay instead of comp time or credit hours, at the rate

[1] Although they denominated the case a class action, Plaintiffs have not yet filed a motion for class certification.

Plaintiffs also originally alleged unjust enrichment but stipulated to the dismissal of this claim. Pls.' Memo in Opp. to Def.'s Mot. to Dismiss (Pls' Opp.) at 4, n.1.

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 2 of 11

of one and one-half times their regular hourly rate for each hour of overtime worked.

This matter comes before the Court on Defendant's motion to dismiss pursuant to Court of Federal Claims Rules (RCFC) 12(b)(1) and 12(b)(6). As Defendant correctly argues, Plaintiffs' claim for breach of the collective bargaining agreement (CBA) must be dismissed for lack of jurisdiction because federal employees' pay is governed by statutory appointment, not contract. As such, a claim of a breach of a CBA governing the terms and conditions of federal employment is not within this Court's general contract jurisdiction under the Tucker Act.

In the alternative, Plaintiffs allege that SSA violated the FLSA by failing to pay them at the rate of one and one-half times their regular hourly rate for each hour of overtime worked -- even though they received comp time or credit hours on an hour-for-hour basis for such overtime work. The FLSA mandates that employees who work more than forty hours per week be paid at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty, but does not mention comp time or credit hours. However, the Federal Employees Pay Comparability Act (FEPCA) provides that an agency may, upon request of an employee, grant comp time instead of payment for overtime under the FLSA "for an equal amount of time spent in irregular or occasional overtime work." 5 U.S.C. § 5543(a)(1). Irregular or occasional overtime is defined in implementing regulations as "overtime that is not scheduled in advance of an employee's workweek." 5 C.F.R. § 551.501(c). Thus, to the extent Plaintiffs worked overtime on an irregular or occasional basis, FEPCA would permit them to receive comp time on an hour-for-hour basis without violating the FLSA. However, Plaintiffs have not alleged whether their overtime was irregular or occasional or scheduled in advance of their workweek. As such, the Court denies Defendant's Rule 12(b)(6) motion as to this claim without prejudice and directs Plaintiffs to clarify their complaint in this regard. Because credit hours are not overtime under 5 U.S.C. § 6121(6) and cannot be compensated as such, the Court dismisses the credit hours claim for failure to state a claim upon which relief can be granted.

## Background[2]

Plaintiffs, Jane Doe 1, Jane Doe 2, and Jane Doe 3, are employees of the Social Security Administration (SSA), Office of Hearings and Appeals (OHA), where they work in nonsupervisory positions classified by the Office of Personnel Management (OPM) as non-exempt under the Fair Labor Standards Act (FLSA). Compl. ¶ 1. Jane Doe 1 is a Paralegal Specialist grade GS-12-10, Jane Doe 2 is an Attorney Advisor, grade GS-12-10, and Jane Doe 3 is a Lead Case Technician, grade GS-9-5. Compl. ¶¶ 8-10.

Plaintiffs, as employees of SSA, are covered by Title 5 of the United States Code (U.S.C.), FEPCA, and the FLSA. Compl. ¶ 15. At all times during their employment with SSA, Plaintiffs have been covered by the National Agreement, a collective bargaining agreement (CBA) between

---

[2] The background is derived from the Plaintiffs' Complaint (Compl.) and the Appendix attached thereto. (Pls.' App.).

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 3 of 11

Plaintiffs' union, the American Federation of Government Employees, AFL-CIO (AFGE), and SSA.[3] Compl. ¶ 1.

**The National Agreement**

The National Agreement or CBA defines "overtime" as:

> [W]ork that is performed by an employee in excess of eight hours in a day or in excess of 40 hours in an administrative workweek and that is officially ordered or approved by the Agency. Overtime does not include 'credit hours.'

Pls.' App. at 55. The CBA defines "credit hours" as:

> [T]hose hours worked in excess of an employee's basic work requirement in which an employee on a flexible work schedule elects to work so as to vary the length of a succeeding workday or workweek. The use of credit hours cannot be used in a pattern that represents a 4/40 schedule.[4]

Pls.' App. at 56. The CBA further states that "[e]mployees covered by both the Fair Labor Standards Act and Title 5 U.S.C. shall receive overtime compensation in accordance with whichever benefit is greater." Pls.' App. at 56.

**The Social Security Administration's Policy**

The SSA employs approximately 65,000 employees around the country in various offices, including the District of Columbia. Compl. ¶ 12. With regard to compensating employees for overtime hours,

> SSA routinely makes available to its employees work known as compensatory time a/k/a 'comp time.' . . . [for which employees] are compensated . . . at a rate of one hour of compensatory time off earned for every one hour of compensatory time worked, even if such compensatory time work is performed as 'overtime' work (i.e. work in excess of forty (40) hours in an administrative work week).

---

[3] The current National Agreement covers the period of April 6, 2000 until the present; the preceding National Agreement covered the period of October 17, 1997, through April 5, 2000. Compl. ¶ 14.

[4] 4/40 means a "40-hour weekly basic work schedule that includes four (4) workdays in one week." Pls.' App. at 55.

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 4 of 11

Compl. ¶ 3; Def.'s Mot. at 4-5. At the end of six[5] two-week pay periods, i.e., twelve weeks, SSA converts unused compensatory time into monetary compensation at a rate of one and one-half times the employee's regular rate of pay for each hour of unused compensatory time. Compl. ¶ 3; Def.'s Mot. at 4-5.

SSA also routinely permits its employees to work "credit hours." Compl. ¶ 4. As defined by FEPCA and OPM regulations, credit hours are "any hours . . . which are in excess of an employee's basic work requirement and which the employee elects to work so as to vary the length of a workweek or a workday." 5 U.S.C. 6121(4); 5 C.F.R. 610.403. SSA employees receive credit hours "at a rate of one hour of time off for each credit hour worked." Compl. ¶ 4; Def.'s Mot. at 5. An SSA employee may maintain a balance of no more than twenty-four credit hours at the end of any pay period and may maintain such balance indefinitely. Compl. ¶ 4. Any credit hours earned once an employee has a balance of twenty-four credit hours must be used by the end of the next two-week pay period or such credit hours are forever lost. SSA never pays monetary compensation for credit hours. Compl. ¶ 4.

Plaintiffs have not alleged that they were forced to accept comp time or credit hours instead of payment for overtime.

**Plaintiffs' Overtime Hours, Compensatory Time Off, and Credit Hours**

All three plaintiffs worked in excess of 40 hours in an administrative work week. Their hours above 40 hours were characterized by SSA as compensatory time and credit hours, for which Plaintiffs were compensated with comp time and credit hours, respectively, at a rate of one hour of time off for each hour above 40 worked. Compl. ¶¶ 8-10. Plaintiffs used their compensatory time and their credit hours on an hour-for-hour basis. Compl. ¶¶ 8-10.

**Discussion**

**Breach of the Collective Bargaining Agreement**

The Tucker Act, 28 U.S.C. § 1491(a)(1), both confers jurisdiction upon the United States Court of Federal Claims and waives sovereign immunity with respect to certain actions for monetary relief brought against the United States. United States v. Mitchell, 463 U.S. 206, 212-18 (1983); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Under the Tucker Act, sovereign immunity is waived for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). Plaintiffs bear the burden of establishing jurisdiction by a

[5]In Plaintiffs' Supplemental Brief in Support of their Response, Plaintiffs state that the SSA converts unused comp time into monetary compensation at the end of eight pay periods, not six. Plaintiffs Supplemental Brief at 2.

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 5 of 11

preponderance of the evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

Plaintiffs allege that the Government breached a contract, the CBA, by compensating them with comp time and credit hours at a rate of one hour of comp time for each hour of overtime worked, instead of paying them at a rate of one and one-half times their regular hourly rate for each hour of overtime worked. Compl. ¶¶ 39, 46.

"Federal employees . . . serve by appointment, not contract, and their rights to compensation are a matter of 'legal status.'" Schism v. United States, 316 F.3d 1259, 1275 (Fed. Cir. 2002). "[A]bsent specific legislation, federal employees derive the benefits and emoluments of their position from appointment rather than from any contractual or quasi-contractual relationship with the government." Todd v. United States, 386 F.3d 1091,1094 (Fed. Cir. 2004) (quoting Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985)); see also Hamlet v. United States, 63 F.3d 1097, 1101-02 (Fed. Cir. 1995); Zhengxing v. United States, 71 Fed. Cl. 732, 739 (2005), aff'd, No. 06-5098, 2006 U.S. App. LEXIS 27891 (Fed. Cir. Nov. 8, 2006). As the Federal Circuit has recognized:

> Like all federal employees, Appellants served by appointment. The terms of their employment and compensation, consequently, were governed exclusively by statute, not contract. They had not, and could not have, entered into any separate agreement with the Government, express or implied, for additional overtime compensation beyond that to which they were entitled by the applicable statute.

Adams v. United States, 391 F.3d 1212, 1221 (Fed. Cir. 2004). In Zaccardelli v. United States, 68 Fed. Cl. 426, 431 (2005), the plaintiffs asserted jurisdiction based on a CBA which they claimed was a contract "entered into on their behalf between their Union and the government, and which set out the terms of their employment." However, the Court held that the CBA did "not constitute an express or implied contract for employment with the United States for purposes of Tucker Act jurisdiction" because the terms of a federal employee's employment are "'governed exclusively by statute, not contract.'" Id. at 433 (quoting Adams, 391 F.3d at 1221.). As in Zaccardelli, the CBA at issue here does not constitute an employment contract between the federal government and Plaintiffs which forms a basis for Tucker Act jurisdiction.

**Plaintiffs' Alternative Claim: Violation of the FLSA**

In the alternative, Plaintiffs argue that SSA's granting them comp time and credit hours for overtime work violated the FLSA. Defendant argues that Plaintiffs' FLSA claim should be dismissed because Plaintiffs fail to state a claim upon which relief can be granted. When considering a motion to dismiss under RCFC 12(b)(6) "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)(overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). In ruling on a motion under RCFC 12(b)(6), the Court

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 6 of 11

must decide "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). As the Federal Circuit has recognized, "[d]ismissal of a complaint under RCFC 12(b)(6) is appropriate when the plaintiff can prove no set of facts that would warrant the requested relief, when drawing all well-pleaded factual inferences in favor of the complainant." Levine v. United States, 453 F.3d 1348, 1350 (Fed. Cir. 2006) (citing Leider v. United States, 301 F.3d 1290, 1295 (Fed. Cir. 2002). "A motion to dismiss. . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (quoting Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000)). "A trial court should not dismiss a complaint for failure to state a claim unless it is 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Conti v. United States, 291 F.3d 1334, 1338 (Fed. Cir. 2002) (citing Ponder v. United States, 117 F.3d 549, 552 (Fed. Cir. 1997)) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Amoco Oil Co. v. United States, 234 F.3d 1374, 1376 (Fed. Cir. 2000); Gould, Inc. v. United States, 67 F.3d 925, 929 (Fed. Cir. 1995) ("A dismissal for failure to state a claim . . . is a decision on the merits which focuses on whether the complaint contains allegations, that, if proven, are sufficient to entitle a party to relief.").

Here, Plaintiffs seek monetary payment for overtime they worked at the rate of one and one-half times their hourly rate even though they requested and received comp time and credit hours for such overtime on an hour-for-hour basis. Thus, the issue before the Court in the context of this Rule 12(b)(6) motion is whether SSA has violated the FLSA by failing to compensate Plaintiffs monetarily, at the rate of time and one-half for each hour of overtime worked.

**Comp Time**

The parties agree that Plaintiffs are non-exempt federal employees who are covered under both the FLSA and FEPCA. Pls.' Opposition to Def.'s Mot. to Dismiss at 1; Def.'s Mot. to Dismiss at 2.[6] The FLSA provides that employees subject to its provisions are entitled to compensation at one and one-half times their regular rate of pay for all hours over forty worked in a week, but

---

[6] In 1990, Congress enacted the Federal Employees Pay Comparability Act of 1990, Pub. L. No. 101-509, § 210, 104 Stat. 1389 (FEPCA), amending the Federal Employees Pay Act (FEPA) to eliminate the requirement that FLSA overtime claims for federal employees be computed under both FEPA and FLSA. FEPCA added subsection (c) to 5 U.S.C. § 5542. As the Court in Christofferson v. United States, 64 Fed. Cl. 316, 320 (2005) explained:

> [t]he apparent purpose of FEPCA was to make it unnecessary for federal employees to bring overtime claims under both FLSA and FEPA for the same overtime hours.

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 7 of 11

contains no provision allowing comp time in lieu of overtime compensation for federal employees. 29 U.S.C. § 207. However, the FLSA does contain such an explicit authorization for state, local, and interstate agency employees. Section 207(o)(1) provides:

> Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

29 U.S.C. § 207(o)(1). Under the maxim of statutory interpretation expressio unius est exclusio alterius, where a statute expressly designates entities within its coverage, there is an inference that all omissions should be understood as exclusions. See Adair v. United States, 70 Fed. Cl. 65, 76 (2006) ("In general, where categories to which the statute applies are listed in the statute or a regulatory scheme, all items not stated are excluded."); Shoshone Indian Tribe of Wind Rover Res.,Wyo. v. United States, 58 Fed. Cl. 77, 85-86 (2003)("Where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are designated, there is an inference that all omissions should be understood as exclusions.")(quoting 2A Norman J. Singer, Statutes and Statutory Construction § 47:23 (6th ed. 2000)). As such, the exclusion of federal employees from Section 207(o) means this category of employees cannot receive comp time off at the rate of one and one-half hours for each hour of overtime worked.[7]

FEPCA defines "overtime" as "hours of work officially ordered or approved in excess of 40 hours in an administrative workweek, or . . . in excess of 8 hours in a day." 5 U.S.C. §§ 5542(a). Overtime pay under FEPCA, with limited exceptions, is equal to one and one-half times the basic rate of pay. 5 U.S.C. § 5542(a). Importantly here, FEPCA further expressly provides that in lieu of receiving overtime pay under the FLSA for overtime hours worked, federal employees may receive one hour of comp time for each hour of overtime worked for "irregular or occasional overtime work." 5 U.S.C. § 5543.

Specifically, Section 5543(a) provides:

> (a) The head of an agency may –

---

[7] This statutory provision disposes of Plaintiffs' alternative theory of recovery, a claim that if federal employees are given the option of taking compensatory time off in lieu of overtime pay, any such compensatory time off must be at the rate of one and one-half hours for every hour worked in excess of 40 hours in one week. Further, Plaintiffs' alternative theory is also contrary to 5 U.S.C. § 5543, which states that compensatory time may be offered for an "equal amount of time spent in overtime work." (Emphasis added).

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 8 of 11

> (1) on request of an employee, grant the employee compensatory time off from his scheduled tour of duty instead of payment under section 5542 or section 7 of the Fair Labor Standards Act of 1938 for an equal amount of time spent in irregular or occasional overtime work; and
>
> (2) provide that an employee whose rate of basic pay is in excess of the minimum rate of basic pay for GS-10 . . . shall be granted compensatory time off from his scheduled tour of duty equal to the amount of time spent in irregular or occasional overtime work instead of being paid for that work under section 5542 of this title.

5 U.S.C. § 5543(a) (emphasis added). Irregular or occasional overtime work is not defined in FEPCA, but is defined in the Office of Personnel Management's implementing regulations as "overtime work that is not scheduled in advance of the employee's workweek." 5 C.F.R. § 551.501(c). [8]

This Court has not previously addressed the interrelation of the FLSA and FEPCA with respect to compensatory time. The first step in statutory construction is "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 450 (2002) (citing Robinson v. Shell Oil Company, 519 U.S. 337, 340 (1997). "[A]bsent a very clear legislative intent, the plain meaning will prevail." Johns-Manville Corp. v. United States, 855 F.2d 1556, 1559 (Fed. Cir. 1988) (citing Aaron v. Securities Exchange Commissioner, 446 U.S. 680 (1980). Similarly, the Court must avoid an interpretation of a clause or word which renders other provisions of the statute inconsistent, meaningless, or superfluous. Duncan v. Walker, 533 U.S. 167, 174 (2001).

The FLSA and FEPCA, when read together, provide that an agency may grant an employee comp time on an hour-for-hour basis in lieu of overtime pay under the FLSA for occasional or irregular overtime work. This is evident on the face of FEPCA's comp time provision, Section 5543(a), which expressly provides that the head of the agency may grant comp time off "instead of" pay under the FLSA -- but only for overtime that is "occasional or irregular." 5 U.S.C. § 5543(a)(emphasis added). FEPCA's express reference to the FLSA overtime provision makes clear that the statutes are in pari materia and should be read together with respect to comp time and overtime. E.g., Hercules, Inc. v. United States, 292 F.3d 1378, 1381-82 (Fed. Cir. 2002)(statutes relating to the same subject matter and referring to each other should be construed together); see generally, 2B Norman J. Singer, Statutes and Statutory Construction § 51:03 at 201-02 (6th ed. 2000)

---

[8] The Complaint does not allege whether Plaintiffs' overtime was irregular or occasional -- it alleges that: [t]he SSA routinely makes available to its employees work known as compensatory time a/k/a comp time" and "work known as credit hours." Compl. ¶ ¶ 3 and 4. Nor does the complaint allege whether Plaintiffs' overtime work was scheduled in advance of the workweek such that the overtime would fit within the definition of "occasional" or "irregular."

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 9 of 11

(Statutes relating to the same subject matter and referring to each other are in pari materia and should be construed together.); accord Adair v. United States, 70 Fed. Cl. 65, 70 (2006) (quoting Singer stating "a statute should be considered in the entire legislative scheme of which it is a part"). Plaintiffs' contention that SSA violated the FLSA by granting nonexempt employees comp time instead of paying overtime is refuted by the very language of FEPCA because FEPCA refers to the FLSA and authorizes comp time "instead of" FLSA overtime pay for "irregular or occasional" overtime. Plaintiffs' impermissible interpretation ignores the interrelation of these statutes and reads the express reference to the FLSA out of FEPCA. See Duncan, 533 U.S. at 174.[9]

What neither party has addressed, however, is that FEPCA's authorization of comp time is limited to comp time worked when the overtime is "occasional" or "irregular." Irregular or occasional overtime work is defined by the regulations as "work that is not scheduled in advance of the employee's workweek." 5 C.F.R. § 551.051(c). Here, although Plaintiffs alleged that SSA "routinely" granted them comp time for overtime hours worked, they did not aver whether the overtime worked was occasional, irregular or scheduled in advance of the workweek. As such, the Court cannot ascertain whether Plaintiffs might be entitled to some relief. If Plaintiffs' overtime was irregular, and occasional, it would fall within FEPCA's authorization permitting comp time in lieu of FLSA pay for such overtime, and Plaintiffs would not be entitled to relief.

**Credit Hours**

Plaintiffs also argue that they should have received overtime pay instead of credit hours. The FLSA does not authorize credit hours for federal employees. However, The Federal Employees

---

[9] Further, the regulations implementing these statutes confirm that federal employees are not to receive overtime compensation for comp time. OPM was granted "broad discretion to engage in substantive or legislative rulemaking with respect to the interplay between FLSA and FEPCA." Aaron v. United States, 56 Fed. Cl. 98, 100 (2003) (citing Am. Fed'n of Gov't Employees v. OPM, 821 F.2d 761, 766 (D.C. Cir. 1987). OPM's regulations expressly dictate that an agency may not pay an employee overtime pay at time and one-half for hours of work compensated by comp time:

> Pay Administration Under the Fair Labor Standards Act
>
> An agency shall compensate an employee who is not exempt . . .for all hours of work in excess of 8 in a day or 40 in a workweek at a rate equal to one and one-half times the employee's hourly regular rate of pay, except that an employee shall not receive overtime compensation under this part--
>
> . . . .
>
> (7) For hours of work compensated by compensatory time off under § 551.531 of this part.

5 C.F.R. § 551.501 (emphasis added).

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 10 of 11

Flexible and Compressed Work Schedules Act of 1982, 5 U.S.C. §§ 6120-6133, permits the agency to offer credit hours to Plaintiffs. Credit hours are defined as "any hours, within a flexible schedule . . . which are in excess of an employee's basic work requirement and which the employee elects to work so as to vary the length of a workweek or workday." 5 U.S.C. § 6121(4). Employees receive credit hours on an hour-for-hour basis. 5 U.S.C. § 6123(b). Credit hours are not overtime. 5 U.S.C. § 6121(6). In general, an employee shall not be entitled to be compensated for credit hours. 5 U.S.C. § 6123(b). Section 6123 provides:

> Notwithstanding the provisions of law referred to in subsection (a)(1) of this section [including the FLSA, 20 U.S.C. § 207], an employee shall not be entitled to be compensated for credit hours worked except to the extent authorized under section 6126 of this title or to the extent such employee is allowed to have such hours taken into account with respect to the employee's basic work requirement.

Under Section 6126, an employee who ceases to participate in the flexible work schedule program, shall be paid for the credit hours up to the maximum amount of credit hours that can be accumulated - 24 hours. 5 U.S.C. § 6126. Therefore, Plaintiffs may not receive pay for credit hours, except when they cease participation in the flexible work schedule program, which is not claimed here.[10] The Court therefore dismisses Plaintiffs' claim with respect to credit hours for failure to state a claim upon which relief can be granted.

## Conclusion

1. Defendant's Rule 12(b)(1) motion to dismiss Plaintiffs' breach of contract claim for lack of jurisdiction is **GRANTED**.

2. Defendant's motion to dismiss Plaintiffs' FLSA claim for failure to state a claim is **GRANTED IN PART.** Plaintiffs' claim seeking relief with respect to credit hours is **dismissed.**

3. Defendant's motion to dismiss Plaintiffs' FLSA claim with respect to comp time is **DENIED** without prejudice.

4. Plaintiffs are directed to amend their complaint to clarify whether the overtime at issue was irregular, occasional or scheduled in advance of the workweek. Plaintiffs' amended complaint is due on or before **January 30, 2007**.

5. The Court will convene a telephonic conference to schedule further proceedings in this action on **February 6, 2007, at 11:00 a.m. EST.**

---

[10] OPM's regulations also support this conclusion. 5 C.F.R. § 551(6) prohibits agencies from paying federal employees FLSA overtime compensation for credit hours.

Case 1:03-cv-02459-MCW Document 57 Filed 01/12/2007 Page 11 of 11

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**