# 4

IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3, on behalf of themselves and all others similarly situated, | : | "PROPOSED REDACTED COPY" |
| | : | NO. 03-2459C (Judge Williams) |
| Plaintiffs, | : | |
| | : | PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | | |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSION AND INTERROGATORY TO DEFENDANT**

The Plaintiffs, pursuant to Rules 26, 33 and 36 of the Rules of the United States Court of Federal Claims, and pursuant to the Court's authorization as provided in a telephone status conference on July 31, 2006, hereby serve upon the Defendant, for purposes of the pending action only, the following First Request for Admission and corresponding Interrogatory which, by its terms, applies to each of the requests nos. 1-12.

The Plaintiffs hereby request that the Defendant admit the truth of the matters identified below:

1.

At the time of her retirement from the Social Security Administration ("SSA"), effective March 31, 2006, Jane Doe 3, whose name is **REDACTED** (and who will be referred to herein as Jane Doe 3) was a GS 9, Step 7, Lead Case Technician, PD No. 672640. At all times material hereto, she served in a non-supervisory position classified as non-exempt for purposes of the Fair Labor Standards Act ("FLSA").

2.

From October 17, 1997 until her retirement, Jane Doe 3 was employed at the SSA component known as the Office of Hearings and Appeals.

3.

From October 17, 1997 until her retirement, Jane Doe 3's employment with the SSA was covered by both the FLSA and Title 5 of the United States Code.

4.

At all times material hereto, Jane Doe 3 was covered by the current and two prior National Agreements between the American Federation of Government Employees, AFL-CIO ("AFGE"), and the Social Security Administration ("SSA"). The most recent version of the National Agreement between the AFGE and the SSA has an effective date of August 15, 2005, and was effective from that date to the present ("2005 National Agreement"). The immediately preceding National Agreement between AFGE and SSA had an effective date of April 6, 2000 ("2000 National Agreement") and was effective from that date until the 2005 National Agreement was ratified. The National Agreement prior to the 2000 National Agreement had an effective date of March 5, 1996 ("1996 National Agreement") and was effective from that date until the 2000 National Agreement was ratified.

5.

Article 10, Section 3, of the 1996, 2000 and 2005 National Agreements provide, in part, that "employees covered by both the Fair Labor Standards Act and Title 5 USC shall receive overtime compensation in accordance with whichever benefit is greater."

6.

During certain pay periods between October 17, 1997 and March 31, 2006, Jane Doe 3 worked overtime hours, defined as "all hours in excess of 8 hours in a day or 40 hours in a week which are officially ordered in advance, but does not include credit hours." Some of the overtime hours worked by Jane Doe 3 represented hours of work in excess of 40 hours in an administrative work week. For each hour of overtime worked, Jane Doe 3 could receive an equal amount of compensatory time off, or overtime pay at the rate of one and a half times her ordinary rate. In some instances, Jane Doe 3 received compensatory time off at a rate of one hour of compensatory time off for each overtime hour worked and in other instances Jane Doe 3 received overtime pay at one and one-half times her regular rate of pay.

7.

The records provided by defendant in response to plaintiffs' second request for production of documents accurately reflect: (1) the regular hours worked by Jane Doe 3 during the period between October 17, 1997 and March 31, 2006; (2) the overtime hours worked by Jane Doe 3 for which she received overtime pay at the rate of time and one-half her regular hourly rate of pay during the period between October 17, 1997 and March 31, 2006; and (3) the overtime hours worked by Jane Doe 3 for which she received compensatory time off between October 17, 1997 and March 31, 2006. The overtime work by Jane Doe 3 as reflected by the documents provided by defendant in response to plaintiffs' second request for production of documents was officially ordered or approved by SSA.

8.

For all or some portion of the period between October 17, 1997 and the present, unused compensatory time off earned by a non-exempt employee of the SSA was converted into

monetary compensation at the end of eight two-week pay periods. Such compensation was calculated at a rate of one and one-half times an employee's regular rate of pay for each hour of unused compensatory time. At all times material to this action this policy applied to Jane Doe 3.

9.

During certain pay periods between October 17, 1997 and March 31, 2006, Jane Doe 3 worked credit hours, defined as "those hours worked in excess of an employee's basic work requirement in which an employee on a flexible work schedule elects to work so as to vary the length of a succeeding workday or a workweek." At all times material to this action, Jane Doe 3 worked a flexible work schedule. During certain pay periods between October 17, 1997 and March 31, 2006, Jane Doe 3 worked credit hours as part of a work week that exceeded 40 hours. In all cases Jane Doe 3 was compensated for credit hours worked with one hour of time off for each credit hour. The records provided by defendant in response to plaintiffs' second request for production of documents accurately reflect the amount of credit hours earned and used by Jane Doe 3 between October 17, 1997 and March 31, 2006.

10.

At all times material to this action an SSA employee, including Jane Doe 3, could maintain a balance of no more than 24 credit hours at the end of any pay period.

11.

At all times material to this action any additional credit hour earned once an employee of the SSA, including Jane Doe 3, had accumulated 24 credit hours, such hour had to be used by the end of the next two week pay period or such credit hour is forfeited.

12.

From October 17, 1997 to March 31, 2006, the SSA had not paid monetary compensation to Jane Doe 3 for credit hours. Rather, any credit hours she earned were redeemed solely by receiving such hours as time off from work at a rate of one hour off for each credit hour earned.

**INTERROGATORY**

Pursuant to Rule 26 and 33 of the Rules of the United States Court of Federal Claims, and the Court's authorization granted on July 31, 2006, Plaintiffs propound the following interrogatory to the Defendant, to be answered under oath with the time limits as prescribed by the Court.

1.

With respect to any request to admit, or any subpart thereof, propounded immediately above which you did not unqualifiedly admit, and for each such response, separately, please state in detail all facts upon which you rely in refusing to unqualifiedly admit the matter requested to be admitted, identify all persons who possess knowledge of such facts, and identify all documents which relate to your refusal to unqualifiedly admit such matter.

This 2ND day of August, 2006.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Brent J. Kaplan

Bruce A. Finzen
Sharon Cummings Giles
1801 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: 202-775-0725
Facsimile: 202-223-8604

Brent J. Kaplan
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, Georgia 30326-1119
Telephone: 404-233-1114
Facsimile: 404-233-1267

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL
Sam Brand, Jr.
Law Office of Sam Brand
P.O. Box 24296
Jackson, Mississippi 39225
Phone: 601-949-7577
Fax: 601-985-9578

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3, on behalf of themselves and all others similarly situated, | : | NO. 03-2459C (Judge Williams) |
| Plaintiffs, | : | |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Brent J. Kaplan, do hereby certify that I have forwarded to counsel for the Defendant a true copy of the foregoing **Plaintiffs' First Request for Admission and Interrogatory to Defendant** by forwarding a copy of same via facsimile transmission, and by depositing a copy of same in the United States mail with proper postage affixed thereto, addressed as follows:

Michael J. Dierberg
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Attention: Classification Unit
12th Floor
Washington, D.C. 20530

This 2ND day of August, 2006.

Brent J. Kaplan
Brent J. Kaplan

5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JANE DOE, et al, | ) | "PROPOSED REDACTED COPY" |
| Plaintiffs, | ) | |
| v. | ) | No. 03-2459C (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION AND PLAINTIFFS' THIRD SET OF INTERROGATORIES

Pursuant to Rules 33 and 36 of the Rules of the United States Court of Federal Claims, defendant responds as follows to plaintiffs' first set of requests for admission and plaintiffs' third set of interrogatories:

REQUESTS FOR ADMISSION

REQUEST NO. 1

At the time of her retirement from the Social Security Administration ("SSA"), effective March 31, 2006, Jane Doe 3, whose name is **REDACTED** (and who will be referred to herein as Jane Doe 3) was a GS 9, Step 7, Lead Case Technician, PD No. 672640. At all times material hereto, she served in a non-supervisory position classified as non-exempt for purposes of the Fair Labor Standards Act ("FLSA").

RESPONSE

Admits.

REQUEST NO. 2

From October 17, 1997 until her retirement, Jane Doe 3 was employed at the SSA component known as the Office of Hearings and Appeals.

RESPONSE

Admits.

REQUEST NO. 3

From October 17, 1997 until her retirement, Jane Doe 3's employment with the SSA was covered by both the FLSA and Title 5 of the United States Code.

RESPONSE

We admit that from October 17, 1997 until her retirement, Jane Doe 3's employment with the SSA was covered by some provisions of the FLSA and Title 5 of the United States Code. Not every provision in the FLSA and Title 5 applied to Jane Doe 3. See, e.g. 5 U.S.C. §§ 5543(a) and 6123(a)(1).

REQUEST NO. 4

At all times material hereto, Jane Doe 3 was covered by the current and two prior National Agreements between the American Federation of Government Employees, AFL-CIO ("AFGE"), and the Social Security Administration ("SSA"). The most recent version of the National Agreement between the AFGE and the SSA has an effective date of August 15, 2005, and was effective from that date to the present ("2005 National Agreement"). The immediately preceding National Agreement between AFGE and SSA had an effective date of April 6, 2000 ("2000 National Agreement") and was effective from that date until the 2005 National Agreement was ratified. The National Agreement prior to the 2000 National Agreement had an

effective date of March 5, 1996 ("1996 National Agreement") and was effective from that date until the 2000 National Agreement was ratified.

RESPONSE

We admit, except to the extent that plaintiffs suggest that Jane Doe 3's pay and benefits were governed by the National Agreements, rather than statute and regulation. See Def. Mot. to Dismiss, at 7-8 (explaining that federal employee pay and benefits are governed by statute, not contract).

REQUEST NO. 5

Article 10, Section 3, of the 1996, 2000 and 2005 National Agreements provide in part that "employees covered by both the Fair Labor Standards Act and Title 5 U.S.C. shall receive overtime compensation in accordance with whichever benefit is greater."

RESPONSE

Admits.

REQUEST NO. 6

During certain pay periods between October 12, 1997 and March 31, 2006, Jane Doe 3 worked overtime hours, defined as all hours in excess of 8 hours in a day or 40 hours in a week which are officially ordered in advance, but does not include credit hours. For each hour of overtime worked, Jane Doe 3 could receive an equal amount of compensatory time off, or overtime pay at the rate of one and a half times her ordinary rate. In some instances, Jane Doe 3 received compensatory time off at a rate of one hour of compensatory time off for each overtime hour worked and in other instances Jane Doe 3 received overtime pay at one and one-half times

her regular rate of pay. Some of the overtime hours worked by Jane Doe 3 represented hours of work in excess of 40 hours in an administrative work week.

RESPONSE

We are unable to admit or deny plaintiffs' request for admission number six without being able to communicate with **REDACTED** immediate supervisor(s), during the relevant period, regarding matters covered by the protective order filed on April 26, 2006. The protective order does not authorize the Government to provide access to protected information to **REDACTED** **REDACTED** immediate supervisor(s) at this time, thereby making it impossible for the Government to make a reasonable inquiry to verify that the records provided by defendant in response to plaintiffs' second request for production of documents accurately reflect the matters addressed in this request for admission. Plaintiffs have not consented to such access as provided in paragraph 2(a) of the protective order.

In addition, the term "overtime" is defined by statute and regulation. See e.g. 5 U.S.C. § 6121(6) ("'[O]vertime hours', when used with respect to flexible schedule programs under sections 6122 through 6126 of this title, means all hours in excess of 8 hours in a day or 40 hours in a week which are officially ordered in advance, but does not include credit hours.").

REQUEST NO. 7

The records provided by defendant in response to plaintiffs' second request for production of documents accurately reflect: (1) the regular hours worked by Jane Doe 3 during the period between October 12, 1997 and March 31, 2006; (2) the overtime hours worked by Jane Doe 3 for which she received overtime pay during the period between October 12, 1997 and March 31, 2006; and (3) the amount of compensatory time off she earned and used between October 12,

1997 and March 31, 2006. The overtime work by Jane Doe 3 as reflected by the documents provided by defendant in response to plaintiffs' second request for production of documents was officially ordered or approved by SSA.

RESPONSE

See our response to request number six, above.

REQUEST NO. 8

For all or some portion of the period between October 17, 1997 and the present, unused compensatory time off for a non-exempt employee of the SSA was converted into monetary compensation at the end of eight two-week pay periods. Such compensation was calculated at a rate of one and one-half times an employee's regular rate of pay for each hour of unused compensatory time. At all times material to this action this policy applied to Jane Doe 3.

RESPONSE

Admits.

REQUEST NO. 9

During certain pay periods between October 12, 1997 and March 31, 2006, Jane Doe 3 worked credit hours, defined as those hours worked in excess of an employee's basic work requirement in which an employee on a flexible work schedule elects to work so as to vary the length of a succeeding workday or a workweek. At all times material to this action, Jane Doe 3 worked a flexible work schedule. During certain pay periods between October 12, 1997 and March 31, 2006, Jane Doe 3 worked credit hours as part of a work week that exceeded 40 hours. In all cases Jane Doe 3 was compensated for credit hours worked with one hour of time off for each credit hour. The records provided by defendant in response to plaintiffs' second request for

production of documents accurately reflect the amount of credit hours earned and used by Jane Doe 3 between October 12, 1997 and March 31, 2006.

RESPONSE

We are unable to admit or deny plaintiffs' request for admission number nine without being able to communicate with **REDACTED** immediate supervisor(s), during the relevant period, regarding matters covered by the protective order filed on April 26, 2006. The protective order does not authorize the Government to provide access to protected information to **REDACTED** **REDACTED** immediate supervisor(s) at this time, thereby making it impossible for the Government to make a reasonable inquiry to verify that the records provided by defendant in response to plaintiffs' second request for production of documents accurately reflect the matters addressed in this request for admission. Plaintiffs have not consented to such access as provided in paragraph 2(a) of the protective order.

In addition, credit hours are defined by statute and regulation. See, e.g., 5 U.S.C. § 6121 ("[C]redit hours' means any hours, within a flexible schedule established under section 6122 of this title, which are in excess of an employee's basic work requirement and which the employee elects to work so as to vary the length of a workweek or a workday.")

REQUEST NO. 10

At all times material to this action an SSA employee, including Jane Doe 3, could maintain a balance of no more than 24 credit hours at the end of any pay period.

RESPONSE

We object to request for admission number ten on the basis that the amount of credit hours that may be accumulated by employees, including Jane Doe 3, is purely a question of law determined by statute and regulation. See 5 U.S.C. § 6126(a).

REQUEST NO. 11

Any additional credit hours earned once an employee of the SSA, including Jane Doe 3, has accumulated 24 credit hours must be used by the end of the next two week pay period or such credit hour is forfeited.

RESPONSE

We object to request for admission number eleven on the basis that the amount of credit hours that may be accumulated by employees, including Jane Doe 3, is purely a question of law determined by statute and regulation. See 5 U.S.C. § 6126.

REQUEST NO. 12

From October 17, 1997 to March 31, 2006, the SSA had not paid monetary compensation to Jane Doe 3 for credit hours. Rather, credit hours she earned were redeemed solely by receiving such hours as time off from work at a rate of one hour off for each credit hour earned.

RESPONSE

Admits.

THIRD SET OF INTERROGATORIES

INTERROGATORY

With respect to any request to admit, or any subpart thereof, propounded immediately above which you did not unqualifiedly admit, and for each such response, separately, please state in detail all facts upon which you rely in refusing to unqualifiedly admit the matter requested to be admitted, identify all persons who possess knowledge of such facts, and identify all documents which relate to your refusal to unqualifiedly admit such matter.

RESPONSE

To the extent that we have not admitted any request for admission, our refusal to admit to such request for admission is based either upon the matter being governed by statute and regulation, or by our inability to respond to such request for admission without providing access to protected material under the protective order to Jane Doe 3's supervisor(s). Therefore, there are no facts or documents responsive to plaintiff's interrogatory.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Harold D. Lester Jr.
HAROLD D. LESTER, JR.
Assistant Director
by Kathy A. Barnes

MICHAEL J. DIERBERG
Trial Attorney
Civil Division
Department of Justice
Attn: Class. Unit, 8th Fl.
1100 L Street, N.W.
Washington, D.C. 20530
(202) 353-0536
(202) 305-7643 (fax)

August 16, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 16th day of August, 2006, I caused to be mailed (first class, postage prepaid) copies of "DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS AND PLAINTIFFS' THIRD SET OF INTERROGATORIES" addressed as follows:

BRUCE A. FINZEN, Esq.
Sharon Cummings-Giles
Suite 1200
1801 K Street, N.W.
Washington, D.C. 20006

BRENT J. KAPLAN, Esq.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.W.
Atlanta, GA 30326-1119

SAM BRAND, JR., Esq.
Law Offices of Sam Brand
P.O. Box 24296
Jackson, MS 39225

Jacqueline Randridge