3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

"PROPOSED REDACTED COPY"

| | | |
|---|---|---|
| JANE DOE, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-2459C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, defendant provides the following response to plaintiffs' first set of interrogatories and first request for production of documents and things.

GENERAL OBJECTIONS

Defendant asserts and incorporates by reference the following general objections to plaintiffs' interrogatories and document requests as though they were set forth in full in each response:

1. Defendant objects to the requests upon the grounds and to the extent that plaintiffs seek information or documents protected from disclosure by the attorney-client privilege, the deliberative process privilege, or any other evidentiary privilege.

2. Defendant objects to each document request upon the grounds and to the extent that plaintiffs seek the production of documents prepared in anticipation of, or in connection with, litigation when plaintiffs have not shown a substantial need for such materials in the preparation of

their case.

RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify the individual or individuals who are or were responsible during the Applicable Time Period for the determination of the methodology utilized by Defendant for the calculation of the amount to be paid to Social Security Administration employees who fall within the class definition contained in Paragraph 22 of Plaintiffs' Class Action Complaint. Then, describe each person's duties in this regard and the dates when they performed such duties.

Response

Defendant objects to the interrogatory as being vague and ambiguous in that "determine" is not defined. Defendant further objects to the interrogatory in that it is impossible to answer as phrased because employee pay cannot be calculated using a single methodology.

Without waiving these objections, defendant answers as follows:

The employees most familiar with the methodology used to calculate overtime and compensatory time are:

1. Donna Vesely, Human Resources Specialist, Personnel Policy Group, Office of Personnel, Office of Human Resources;
2. Tom Daniel, Facilitator, Personnel Policy Group, Office of Personnel, Office of Human Resources; and,
3. Chuck Lewis, Director, Center for Personnel Management Information Systems and Payroll.

With regard to the policies concerning accumulation of credit hours, the SSA employees most familiar with that methodology are:

1. Donna Vesely, Human Resources Specialist, Personnel Policy Group, Office of Personnel, Office of Human Resources;

2. Tom Daniel, Facilitator, Personnel Policy Group, Office of Personnel, Office of Human Resources; and,

3. Barbara Lorandos, Director of Operational Management, Office of Labor-Management and Employee Relations, Office of Human Resources.

The address for the individuals listed above is:

Office of Personnel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235-6401

Interrogatory No. 2

Identify the three (3) individual(s) who are most familiar with the method(s) utilized by the Defendant, during the Applicable Time Period, to calculate or otherwise determine for Social Security Administration employees who fall with the class definition contained in Paragraph 22 of Plaintiffs' Class Action Complaint:

(a) the number of hours worked by such employees, whether regular or overtime;

(b) the amount of compensation paid to such employees at their regular rate;

(c) the amount of compensation paid to such employees at one and one-half times their regular rate;

(d) the compensatory time provided to such employees;

(e) the credit hours provided to such employees;

(f) how the Defendant distributed available work characterized as compensatory time among the various Social Security Administration offices and employees;

(g) how the Defendant distributed available work characterized as credit hours among the various Social Security Administration offices and employees;

(h) how the Defendant compensated such employees for hours worked as compensatory time; and

(i) how the Defendant compensated such employees for hours worked as credit hours.

Response

Defendant objects to the interrogatory as being vague and ambiguous in that the term "compensation" is not defined. Defendant further objects to subparts (f) and (g) in that the

"distribution" of available work in excess of 40 hours in one week is irrelevant to any claim or defense and unlikely to lead to the discovery of admissible evidence. With respect to subparts (a), (b), (c), (d), (e), (h), and (i), and without waiving any objections, see defendant's response to interrogatory number 1.

Interrogatory No. 3

Please describe the method or methods utilized by the Defendant for items (a) through (i) in the immediately preceding interrogatory.

Response

Defendant objects to the interrogatory as being vague and ambiguous in that the term "compensation" is not defined. Defendant further objects that the information requested is too broad to prevent any meaningful response; because the methodologies requested are generally prescribed by law, interrogatory number 3 is essentially a request to explain every facet of federal labor law as it relates to employee pay. Defendant further objects to subparts (f) and (g) in that the "distribution" of available work in excess of 40 hours in one week is irrelevant to any claim or defense and unlikely to lead to the discovery of admissible evidence. Without waiving these objections, we provide the following response:

The methodologies requested under subparts (a), (b), (c), (d), (e), (h), and (i) are provided by the Fair Labor Standards Act (FLSA), Title 5 of the United States Code, applicable regulations, the collective bargaining agreement, and provisions in the Personnel Policy Manual (PPM) (to the extent to the PPM does not conflict with applicable law and the collective bargaining agreement). Pursuant to RCFC 33(d), plaintiffs will be able to ascertain the answer to this interrogatory by referring to documents in their possession and documents being provided to plaintiffs in response to plaintiffs' first request for production of documents and things. Specifically, the methodologies requested by plaintiffs are described in the FLSA, Title 5 of the

United States Code, Article 10 of the collective bargaining agreement, and PPM 550-1 and 550-3 (to the extent not inconsistent with the FLSA, Title 5, and the collective bargaining agreement). These documents are either already in plaintiffs possession or are being provided to plaintiffs at this time.

Interrogatory No. 4

Did the Defendant utilize the methodology or methodologies described in items (a)-(i) in the immediately preceding interrogatory for each employee of the Social Security Administration who falls within the class definition contained in Paragraph 22 of Plaintiffs' Complaint during the Applicable Time Period? If not, describe any other methods which the Defendant utilized during the Applicable Time Period to calculate or otherwise determine for employees of the Social Security Administration who fall with the class definition contained in paragraph 22 of Plaintiffs' Class Action Complaint the topics described in subparts (a), (b), (c), (d), (e), (f), (g), (h), or (i) of interrogatory number 2, and the dates when such methodology was utilized.

Response

Defendant objects to the interrogatory as being vague and ambiguous in that the term "compensation" is not defined. Defendant further objects to subparts (f) and (g) in that the "distribution" of available work in excess of 40 hours in one week is irrelevant to any claim or defense and unlikely to lead to the discovery of admissible evidence. Defendant further objects to all subparts as being overly broad and encompassing information related to methodologies required by federal labor law and the defendant's use of methodologies that are irrelevant to any claim or defense and unlikely to lead to the discovery of admissible evidence. Without waiving these objections, we provide the following response:

As to subparts (a), (b), (c), (d), (e), (h), and (i), the methodologies followed by defendant during the Applicable Time Period are those provided for by the Fair Labor Standards Act, Title 5 of the United States Code, applicable regulations, the collective bargaining

agreement, and provisions in the PPM (to the extent to the PPM does not conflict with applicable law and the collective bargaining agreement).

Interrogatory No. 5

Identify each person whom you expect to call as an expert witness at the trial of this case, and with respect to each such person: describe his/her qualifications; state the subject matter on which you expect him/her to testify; and provide a summary of the grounds for each such opinion.

Response

No expert witnesses have been identified at this time.

Interrogatory No. 6

Identify each person whom you will or may call as a witness in the trial of this action and each document and thing that you will or may use as an exhibit in the trial of this action.

Response

Aside from the individuals identified in response to interrogatory number 1, the United States has not identified at this time any other individuals who could potentially be called as a witness at trial. The only documents that have been identified at this time that might be used at trial are those documents already in plaintiffs' possession and those documents produced to plaintiffs in response to plaintiffs' first request for production of documents and things.

Interrogatory No. 7

Within the past ten years has the Office of Personnel Management conducted any investigation or audit of you concerning FLSA matters; and if so, provide the dates and details of each investigation or audit.

Response

To the best of SSA's knowledge and belief, no.

Interrogatory No. 8

Please identify any non-exempt employee of the Defendant during the Applicable Time Period whom you have discovered, through either a self-audit or an audit by any other person, that you owed or were required to pay additional wages to as a result of a violation of the National Agreement or the Fair Labor Standards Act regarding payment of overtime compensation. Then, for each person identified, please state the position held and the amount owed or paid.

Response

To the best of SSA's knowledge and belief, none.

Interrogatory No. 9

Identify and describe each and every document or thing withheld by Defendant from the document production requested by the Plaintiffs, or any of them, in this action (including the date, author, addressee, each recipient, and subject matter or each document); and for each withheld document or thing, state the reason or basis that it was withheld from production.

Response

No documents have been withheld.

Interrogatory No. 10

Please identify each employee of the Social Security Administration during the Applicable Time Period who was covered by the National Agreement and who is covered by both the Fair Labor Standards Act and Title 5 U.S.C., and who is a GS-13 or less and who works in a non-supervisory capacity, and who has been classified as FLSA non-exempt by the Office of Personnel Management and who has worked over forty (40) hours in a week and who was compensated for such work with compensatory time off and/or credit hours, respectively, on an hour for hour basis and who used such compensatory time off or credit hours rather than being paid monetary compensation at a rate of one and one-half times their regular rate of pay.

Response

Defendant objects that it would be duplicative and unduly burdensome to produce the names and addresses of all potential class members at this time. Pursuant to RCFC 23(c)(2), if the Court were to certify a class, the list of potential class members would need to be generated again in order to provide notice to the potential class members. This list of potential class members and their addresses will change over time as new employees are hired and some employees are eliminated from the list as a result of the statute of limitations. Because there are approximately 60,000 employees of the SSA and defendant believes approximately 90% are FLSA non-exempt, it would be unduly burdensome to identify the names and addresses of every employee who might fall with the definition of the class when the same list (with different results) will have to be generated if the court grants class certification.

RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1

All documents which identify all employees of the Social Security Administration who were covered by the National Agreement at any point from October 17, 1997 until the present, and who are covered by both the Fair Labor Standards Act and Title 5 U.S.C., and who are GS-13 or less and who work in a non-supervisory capacity, and who have been classified as FLSA non-exempt by the Office of Personnel Management and who have worked over (4) hours in a work week and who were compensated for such work with compensatory time off and/or credit hours, respectively, on an hour for hour basis and who used such compensatory time off or credit hours rather than being paid monetary compensation at a rate of one and one half times their regular rate of pay.

Response

There are no documents responsive to this request.

Request No. 2

All documents provided to, used by, and/or relied upon by each person whom you expect to call as an expert witness at the trial in this case.

Response

No expert witnesses have been identified. There are no documents responsive to this request.

Request No. 3

All documents and things pertaining to any investigation or audit by the Social Security Administration or by the Office of Personnel Management concerning FLSA matters during the past ten years.

Response

There are no documents responsive to this request.

Request No. 4

All documents and things related to, or which discuss, the methods, policies or procedures used by the Defendant or its agents, contractors, or employees during the Applicable Time Period to calculate the hours worked, including regular hours, compensatory hours and credit hours, as well as the regular and/or overtime compensation to be paid to each Social Security Administration employee who falls within the class definition contained in paragraph 22 of Plaintiffs' Class Action Complaint.

Response

Responsive documents to this request are enclosed with Defendant's Response. Defendant is searching for prior versions of the PPM applicable to overtime, overtime pay, compensatory time, and credit hours. When these prior versions are available, they will be provided to plaintiffs.

Request No. 5

All documents and things related to, or which you contend support, your allegation that the Defendant owes no back wages to any or all Social Security Administration employees who fall within the class definition contained in Paragraph 22 of Plaintiffs' Class Action Complaint.

Response

Documents responsive to plaintiffs' request are either in plaintiffs' possession or are being provided to plaintiffs.

Request No. 6

All documents and things that define, describe, or otherwise relate to Defendant's policy or policies during the Applicable Time Period and applicable to Social Security Administration employees who fall within the class definition contained in paragraph 22 of Plaintiffs' Class Action Complaint on: (1) distribution of overtime work; (2) overtime compensation; (3) distribution of work classified as compensatory time; (4) compensation in the form of compensatory time off; (5) distribution of work classified as credit hours; or (6) compensation in the form of credit hours.

Response

Defendant objects to subparts (3) and (5) in that the "distribution" of work in excess of forty hours in one week is irrelevant to any claim or defense and unlikely to lead to the discovery of admissible evidence. Defendant objects to all subparts as being unduly burdensome to the extent that plaintiffs request all documents that relate to the policy or policies described in (1) through (6). Such a request potentially encompasses thousands of personnel documents that have no relevance to a claim or defense and are unlikely to lead to the discovery of admissible evidence. Furthermore the request encompasses confidential personnel information that is irrelevant to this proceeding and for which plaintiffs cannot show a substantial need. To the extent that the request seeks documents that define or describe the policy or policies described in subparts (1), (2), (4), and (6), documents responsive to this request are being provided to plaintiffs.

Request No. 7

A true and complete copy of the current National Agreement between the Social Security Administration and the American Federation of Government Employees.

Response

The plaintiffs attached to the complaint what defendant believes to be a true and complete copy of the current National Agreement.

Request No. 8

A true and complete copy of the immediately preceding National Agreement between the Social Security Administration and the American Federation of Government Employees.

Response

The National Agreement, effective March 6, 1996, is being provided to plaintiffs.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DEBORAH A. BYNUM
Assistant Director

MICHAEL J. DIERBERG
Attorney
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-0536
(202) 307-0972 (fax)

Attorneys for Defendant

August 25, 2004

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JANE DOE, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-2459C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

VERIFICATION

I, Donna Vesely, declare in accordance with 28 U.S.C. ' 1746:

1. I work in the Office of Human Resources in the Social Security Administration and I am authorized to sign these responses on behalf of the Social Security Administration.

2. I have read plaintiff's First Set of Interrogatories. The information contained in defendant's responses to interrogatories has been obtained from various sources. The responses are true and correct to the best of my knowledge, information and belief.

Donna Vesely (signature)
Donna Vesely

08/24/04
Date

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 26 day of August, 2004, I caused to be mailed (first class, postage prepaid) copies of DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS addressed as follows:

BRUCE A. FINZEN, Esq.
Sharon Cummings-Giles
Suite 1200
1801 K Street, N.W.
Washington, D.C. 20006

BRENT J. KAPLAN, Esq.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.W.
Atlanta, GA 30326-1119

SAM BRAND, JR., Esq.
Law Offices of Sam Brand
P.O. Box 24296
Jackson, MS 39225

Sue Smith