IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JANE DOE, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 03-2459C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DISCOVERY DOCUMENTS AND TO MODIFY THE COURT'S JANUARY 12, 2007 ORDER**

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully opposes plaintiff's motion for leave to file discovery materials and plaintiff's motion to modify the Court's January 12, 2007 order. Plaintiff is not entitled to file discovery documents pursuant to RCFC 5 because these documents have not been "used in the proceeding" within the meaning of RCFC 5. Furthermore, modification of the Court's January 12, 2007 order as requested by plaintiffs is not appropriate because such modification is unnecessary and is only likely to cause confusion.

## ARGUMENT

### I. Filing Discovery Documents Is Inappropriate Because These Documents Have Not Been Used In This Proceeding

Pursuant to RCFC 5, discovery documents may not be filed unless they have been "used in the proceeding." RCFC 5(d). More specifically, Rule 5 provides:

> [D]isclosures under RCFC 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry

> upon land, and (iv) requests for admission, except that depositions upon oral examination and notices thereof, written questions, interrogatories, requests for documents, requests for admission, and answers and responses thereto, and other related discovery materials shall not be filed unless on order of the court.

Id.

In their motion for leave to file the discovery documents, plaintiffs do not attempt to demonstrate that their request to file the discovery documents complies with RCFC 5(d). Rather, in a single paragraph in their motion plaintiffs vaguely assert that the discovery documents contain "substantive, factual information necessary for the record on appeal." Pl. Mot. to File Disc. Docs at 3. Furthermore, plaintiffs claim that the discovery material "establishes certain relevant facts definitively, and will permit the United States Court of Appeals for the Federal Circuit to make its decision based upon such established facts." Id.

Plaintiff's motion should be denied because these documents have never been used in the proceeding. The Court dismissed most of plaintiffs' claims in a decision dated January 31, 2007, and on February 22, 2007 the parties filed a joint stipulation of dismissal as to any remaining claims. Thus, all that is left for the Court is to issue final judgment dismissing the case in its entirety. Submitting discovery documents at this late juncture, unconnected to any motion, brief, or other filing to the Court (aside from the motion to file the documents) does not constitute "use" of the discovery materials for purposes of RCFC 5. A contrary interpretation in which a party could "use" a document merely by filing it with the Court would render this provision in Rule 5 meaningless.

Furthermore, filing these discovery documents is inappropriate given that the Court dismissed plaintiffs' claims for lack of jurisdiction and for failure to state a claim. A motion to

dismiss for failure to state a claim upon which relief may be granted is to be decided upon the pleadings. Hydril Co. LP v. Grant Prideco LP, 474 F.3d 1344, 1354 (Fed. Cir. 2007) (stating that a motion to dismiss for failure to state a claim "should be decided on the sufficiency of the pleadings, and is not dependent on the factual record of the case"); accord Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). In addition, although a Court may look beyond the pleadings in deciding whether to dismiss for lack of jurisdiction, it is plaintiffs' burden to demonstrate facts necessary to support the Court's jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

Even if plaintiffs believe that these discovery documents are relevant to the Government's motion to dismiss, plaintiffs failed to bring these documents to the attention of the Court in responding to the Government's motion to dismiss. In addition, plaintiffs have not moved for reconsideration of the Court's January 12, 2007 order. To the contrary, in a letter dated January 30, 2007, plaintiffs requested that the Court dismiss their case in its entirety. Pl. Mot. To Mod. Order at 2. Thus, plaintiffs have not identified any basis for filing the discovery documents, and the Court should strike plaintiffs' attachments to their motion containing these discovery documents. In the alternative, the Court should require that plaintiffs re-file their motion without the attached discovery documents.

## II. Modification Of The Court's January 12, 2007 Order Is Unnecessary

Plaintiffs also request that the Court:

> supplement and reissue the January 12, 2007 Order to specifically reflect entry of the Joint Stipulation for Voluntary Dismissal Without Prejudice and to reflect that the reissued Order, when combined with the Joint Stipulation for Voluntary Dismissal Without Prejudice, resolves all claims asserted in the litigation and constitutes a Final Order from which an appeal under Court of Federal Claims Rule 54(a) lies.

Pl. Mot. To Mod. Order at 3. Plaintiffs explain that the purpose of reissuing the order is to make it clear that this matter is ripe for appeal. Id.

The Court need not reissue the January 12, 2007 order. Rather, the Court may simply issue a new order and a judgment dismissing the case in its entirety in light of the January 12, 2007 order and the parties joint stipulation of dismissal. Furthermore, modifying and reissuing the January 12, 2007 order may only cause confusion because the joint stipulation of dismissal defines the matters to be dismissed voluntarily in relation to the January 12, 2007 order. See Joint Stip. at 1 (stating that "the parties stipulate to the dismissal, without prejudice, of any claim that was not dismissed in the January 12, 2007 order"). Therefore, the most appropriate course is for the Court to issue a new order and a judgment dismissing the case in its entirety in light of the January 12, 2007 order and the parties joint stipulation of dismissal.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 353-0536
Attorneys for Defendant

March 5, 2007