**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

JANE DOE 1, JANE DOE 2, and
JANE DOE 3, on behalf of themselves
and all others similarly situated,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

NO. 03-2459C
(Judge Williams)

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE DISCOVERY MATERIAL, AND TO MODIFY THE COURT'S JANUARY 12, 2007 ORDER**

Plaintiffs make this reply to the Defendant's brief in response to Plaintiffs' motion for leave to file discovery material pursuant to Rule 5 of the Rules of the United States Court of Federal Claims, and for modification of the Court's January 12, 2007 order.

## ARGUMENT

### I. Filing Discovery Documents Is Appropriate Even If They Have Not Been "Used" In The Proceeding To Date.

In opposing Plaintiffs' motion to file discovery material Defendant relies entirely upon that portion of Rule 5(d) that provides for the filing of documents when they have been "used in the proceeding." In doing so, Defendant completely ignores that the Rule also clearly provides that filing is appropriate if "the court orders filing." Plaintiffs' motion clearly requested the Court to so order. For the reasons set forth in Plaintiffs' motion, Plaintiffs contend that the filing of the requested discovery documents will assist the Court of Appeals in the upcoming appeal of this Court's January 12, 2007 order, or this Court's modification of that order if the Court so rules, and the materials should be permitted to be filed by order of this Court.

As Plaintiffs argued in their motion, the discovery that is requested to be filed will establish definitive facts that are relevant to this case, and clarify the record on appeal. For example, in its order the Court noted a factual conflict between the Plaintiffs' complaint and the brief filed by Plaintiffs. In its order the Court observed that Plaintiffs' complaint stated that at the end of six two-week pay periods, SSA routinely converts unused compensatory time into monetary compensation at the rate of one and one-half times the employee's regular rate of pay. Order p. 4. The Court then noted, in footnote 5, that in Plaintiffs' Supplemental Brief in Support of their Response Plaintiffs stated that the unused compensatory time is converted to pay at one and one-half times the employee's regular rate of pay, at the end of eight pay periods, not six. This issue will be clarified for the Court of Appeals by allowing the filing of the discovery responses that Plaintiffs request to be filed. In Defendant's Response to Plaintiffs' First Request For Admission And Plaintiffs' Third Set Of Interrogatories, Defendant admits, in response to request number 8, that it pays for all unused compensatory time, at one and one-half times the employee's regular rate of pay, after eight pay periods.

Finally, as argued in Plaintiffs' motion, and made clear by the Defendant's response, there is no prejudice of any kind to the Defendant by allowing the filing of this discovery.

**II. A Reissue Of The Court's January 12, 2007, Order Is Appropriate.**

It appears from a review of the Defendant's memorandum that all parties agree that the Court needs to issue a new order to make the Court's ruling final and appealable. The Defendant's position is that the Court should issue "a new order and a judgment dismissing the case in its entirety in light of the January 12, 2007 order and the parties Joint Stipulation of Dismissal." Defendant's Memorandum p. 4. This is not significantly different from the relief requested by Plaintiffs in their motion at paragraph 5. In either case, a "new" order different

from the January 12 order is required, and in each case, that order must refer to the original order, and the Stipulation of Dismissal entered into by the parties.

Plaintiffs respectfully suggest that their proposal, for the Court to reissue its January 12 Order, is the appropriate way to accomplish what both parties acknowledge the Court must now do.

## CONCLUSION

WHEREFORE, for all of the reasons set forth in their original motions, and above, Plaintiffs respectfully request the Court to order the relief requested in those motions.

Respectfully submitted this 8th day of March, 2007.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

/s/ Bruce A. Finzen, with expressed permission
Bruce A. Finzen
1875 Eye Street, NW, Suite 300
Washington, DC 20006
Telephone: 202-775-0725
Facsimile: 202-223-8604

/s/ Brent J. Kaplan
Brent J. Kaplan
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326-1119
Telephone: 404-233-1114
Facsimile: 404-233-1267

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL
Sam Brand, Jr.
Law Office of Sam Brand
P.O. Box 24296
Jackson, MS 39225
Phone: 601-949-7577
Fax: 601-985-9578

**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

JANE DOE 1, JANE DOE 2, and
JANE DOE 3, on behalf of themselves
and all others similarly situated,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

NO. 03-2459C
(Judge Williams)

**CERTIFICATE OF SERVICE**

I, Brent J. Kaplan, hereby certify that on March 8, 2007 I electronically filed the foregoing Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Leave to File Discovery Material and to Modify the Court's January 12, 2007 Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Dierberg
Commercial Litigation Branch
Civil Division
Department of Justice
Attention: Classification Unit
1100 L Street NW, 12th Floor
Washington, DC 20530

I also hereby certify that I have forwarded to counsel for the Defendant a true copy of the Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Leave to File Discovery Material and to Modify the Court's January 12, 2007 Order via facsimile transmission, and by depositing a copy of same in the United States mail with proper postage affixed thereto.

/s/ Brent J. Kaplan
Brent J. Kaplan