# In the United States Court of Federal Claims

**No. 03-2459C**
**(Filed March 23, 2007)**

| | |
|---|---|
| **JANE DOE, ET AL.,** | * |
| **Plaintiffs,** | * |
| **v.** | * |
| **THE UNITED STATES,** | * |
| **Defendant.** | * |

## ORDER DENYING PLAINTIFFS' MOTION TO FILE DISCOVERY MATERIAL

On February 22, 2007, the parties filed a joint stipulation for voluntary dismissal without prejudice, pursuant to the Rules of the United States Court of Federal Claims (RCFC) 41(a), of "any claim that was not dismissed in the January 12, 2007 order" so that Plaintiffs could pursue an appeal. Before the Court had acted on this motion Plaintiffs, on February 26, 2007, filed the subject "motion to permit filing of discovery material" requesting that this Court permit Plaintiffs to file discovery, pursuant to RCFC 5, in anticipation of Plaintiffs' appeal. As grounds for this motion Plaintiffs state:

> The discovery material which is the subject of this Motion contains substantive, factual information necessary for the record on appeal, and which Plaintiffs will reference in their briefing in the upcoming appeal. This discovery material establishes certain relevant facts definitively, and will permit the United States Court of Appeals for the Federal Circuit to make its decision based upon such established facts.

Plaintiffs' Mot. to File Discovery at 3. Plaintiffs wish to file the following discovery documents with the Court:

1. Plaintiffs' Initial Rule 26 Disclosures;

2. Defendant's Initial Rule 26 Disclosures;

3. Defendant's Response to Plaintiffs' First Set of Interrogatories and First request for Production of Documents and Things;

4. Plaintiffs' First Request for Admission and Interrogatory to Defendant; and

5. Defendant's Response to Plaintiffs' First Set of Requests for Admission and Plaintiffs' Third Set of Interrogatories.

Id.

RCFC 5(d) states that:

> All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under RCFC 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission, except that depositions upon oral examination and notices thereof, written questions, interrogatories, requests for documents, requests for admission, and answers and responses thereto, and other related discovery materials shall not be filed unless on order of the court.

(emphasis added). Here, there was no order of the Court directing the filing of the proffered discovery, and this discovery was not in this Court's record. Nor was the proffered discovery cited or referenced in any of the parties' filings in this Court. Finally, this discovery had no bearing upon the Court's January 12, 2007 Opinion and Order.

Federal Rule of Appellate Procedure 10(a) states:

> The following items constitute the record on appeal:
>
> (1) the original papers and exhibits filed in the district court;
> (2) the transcript of proceedings, if any; and
> (3) a certified copy of the docket entries prepared by the district clerk.

Fed. R. App. Pro. 10 (a) (emphasis added). The term original papers is broadly defined to include all papers presented to and filed the court. In re Arthur Anderson & Co., 621 F.2d 37, 39 (1st Cir. 1980) (citing 20-310 James Wm. Moore et al., Moore's Federal Practice § 310.10.) "Original papers do not include documents filed with the . . . court after the proceedings at issue have been

completed." 20-310 James Wm. Moore et al., Moore's Federal Practice § 310.10. This is because "[t]he basic purpose behind the rule is to prevent parties from supplementing the record on appeal with items never presented to the . . . court." Waldorf v. Shuta, 142 F.3d 601, 620 (3d Cir. 1998) (citing 16A Charles Alan Wright et al., Federal Practice and Procedure § 3956.1 (2d ed. 1996)). "In general, the appellate court should have before it the record and facts considered by the [lower court]." United States v. Barrow, 118 F.3d 482, 487 (6th Cir. 1997). "A party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." Sovereign News Co. v. United States, 690 F.2d 569, 571 (6th Cir. 1982). The proceedings at issue in this action were completed when the Court issued its order dismissing Plaintiffs' remaining claims without prejudice pursuant to the parties' stipulation. The proffered discovery was not considered by the Court in rendering either its January 12, 2007 partial dismissal or its final dismissal order.

Plaintiffs have not demonstrated any reason for the Court to allow filing of discovery which was wholly unnecessary to its decision at this juncture.

Plaintiffs' motion is **DENIED**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**