# In the United States Court of Federal Claims

**No. 03-2459C**
**(Filed: March 23, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JANE DOE, ET AL.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER OF DISMISSAL

---

On January 12, 2007, the Court issued an opinion and order granting in part Defendant's motion to dismiss. The Court found:

> As Defendant correctly argues, Plaintiffs' claim for breach of the collective bargaining agreement (CBA) must be dismissed for lack of jurisdiction because federal employees' pay is governed by statutory appointment, not contract. As such, a claim of a breach of a CBA governing the terms and conditions of federal employment is not within this Court's general contract jurisdiction under the Tucker Act.
>
> In the alternative, Plaintiffs allege that SSA violated the FLSA by failing to pay them at the rate of one and one-half times their regular hourly rate for each hour of overtime worked -- even though they received comp time or credit hours on an hour-for-hour basis for such overtime work. The FLSA mandates that employees who work more than forty hours per week be paid at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty, but does not mention comp time or credit hours. However, the Federal Employees Pay Comparability Act (FEPCA) provides that an agency may, upon request of an employee, grant comp time instead of payment for overtime under the FLSA 'for an equal amount of time

> spent in irregular or occasional overtime work.' 5 U.S.C. § 5543(a)(1). Irregular or occasional overtime is defined in implementing regulations as 'overtime that is not scheduled in advance of an employee's workweek.' 5 C.F.R. § 551.501(c). Thus, to the extent Plaintiffs worked overtime on an irregular or occasional basis, FEPCA would permit them to receive comp time on an hour-for-hour basis without violating the FLSA. However, Plaintiffs have not alleged whether their overtime was irregular or occasional or scheduled in advance of their workweek. As such, the Court denies Defendant's Rule 12(b)(6) motion as to this claim without prejudice and directs Plaintiffs to clarify their complaint in this regard. Because credit hours are not overtime under 5 U.S.C. § 6121(6) and cannot be compensated as such, the Court dismisses the credit hours claim for failure to state a claim upon which relief can be granted.

Consistent with these conclusions, the Court ruled:

> 1. Defendant's Rule 12(b)(1) motion to dismiss Plaintiffs' breach of contract claim for lack of jurisdiction is **GRANTED**.
>
> 1. Defendant's motion to dismiss Plaintiffs' FLSA claim for failure to state a claim is **GRANTED IN PART.** Plaintiffs' claim seeking relief with respect to credit hours is **dismissed**.
>
> 2. Defendant's motion to dismiss Plaintiffs' FLSA claim with respect to comp time is **DENIED** without prejudice.
>
> 3. Plaintiffs are directed to amend their complaint to clarify whether the overtime at issue was irregular, occasional or scheduled in advance of the workweek. Plaintiffs' amended complaint is due on or before **January 30, 2007**.
>
> . . . .

Doe v. United States, 74 Fed. Cl. 592, 600 (2007).

During a February 6, 2007 status conference, the parties informed the Court that Plaintiffs wished to have the action dismissed so that they could appeal the Court's January 12, 2007 decision. Tr. (Feb. 6, 2007) at 4-5.[1] On February 22, 2007, the parties filed a joint stipulation for

---

[1] Subsequently, on February 26, 2007, Plaintiffs filed a motion to permit filing of supplemental discovery material, pursuant to RCFC 5, in anticipation of Plaintiffs' appeal. The Court deferred dismissing this action until it decided Plaintiffs' motion to file discovery. By order this date, the Court denies that motion.

voluntary dismissal without prejudice, pursuant to RCFC 41(a), of "any claim that was not dismissed in the January 12, 2007 order."

In accordance with the parties' stipulation, the Court dismisses the remaining claims without prejudice.[2] Specifically, the Clerk of this Court is directed to dismiss, without prejudice, the following claims:

1. Plaintiffs' FLSA claim with respect to comp time;

2. Plaintiffs' overtime pay claim with respect to irregular, occasional, or scheduled work.

The Clerk of this Court is also directed to enter judgment in this case.

**IT IS SO ORDERED.**

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[2] To insure that a final, appealable Order exists, Plaintiffs further asked the Court "to supplement and reissue the January 12, 2007 Order to specifically reflect entry of the Joint Stipulation for Voluntary Dismissal Without Prejudice and to reflect that the reissued Order, when combined with the Joint Stipulation for Voluntary Dismissal Without Prejudice, resolves all claims asserted in the litigation and constitutes a Final Order from which an appeal under Court of Federal Claims Rule 54(a) lies." Pls.' Mot. for Supplementation and Reissuance of the Court's January 12, 2007 Order at 3. The Court does not deem it appropriate to modify and reissue its January 12, 2007 decision nunc pro tunc based upon subsequent events initiated by Plaintiffs. Rather, the Court issues this dismissal based upon the parties' joint stipulation which, together with the Court's January 12, 2007 opinion, resolves all issues in this action.